CHARLES M. PIERCE *vs.* GEORGE H. BUCKLIN.

A. & B. entered into an agreement that B. should go to California and employ his time in digging gold or in such other business as he should deem most profitable, and pay to A. one third of his net earnings, whatever business he might be engaged in, for a specified time. Shortly before the time expired his whole property consisted of an interest in a mill, which he sold, taking therefor the note of a person then reputed to be good. Subsequently the maker of the note became embarrassed, and B. received payment of it in bonds of a company then supposed by him to be good, but which afterwards proved worthless. *Held,* that it was erroneous to instruct the jury, as matter of law, that upon these facts B. was liable to A. upon his agreement; and that, if in the sale of the property and the taking of the bonds in payment of the note he was in good faith endeavoring to convert his profits into money, and met with the loss without fault or neglect, he was not responsible.

CONTRACT upon an agreement entered into between the plaintiff and the defendant, the material portions of which are as follows:

" First the said Bucklin, for the consideration hereinafter

mentioned, doth hereby for himself, his heirs, executors and administrators, covenant and agree with the said Pierce, his heirs, executors, administrators and assigns, that he will proceed and go forthwith to California, in the schooner Abby P. Chase or some other expeditious way; that he the said Bucklin will, until the expiration of two years from the day of his arrival in San Francisco, California, employ and occupy his time in digging gold or in such other business as he shall deem most profitable; that of his net earnings of whatsoever business he may be engaged in for the said term of two years, one third he will give and pay to the said Pierce. And if the said Bucklin should conclude to remain three years from the date of his arrival in California, the above named part of his net earnings shall be paid to the said Pierce. The intent and meaning of this instrument is, that the said Pierce shall have the above named proportion of said Bucklin's earnings for the term of two years after his arrival in California, and for the term of three years if said Bucklin should conclude to remain that length of time in California.

" And the said Pierce does hereby, for himself, his heirs, executors and administrators, covenant and agree with the said Bucklin, his executors, administrators and assigns, that he will pay the passage money and furnish funds, the whole amount of passage money and funds not to exceed one hundred and seventy-five dollars, for fitting said Bucklin out for California."

The plaintiff sought to recover one third of the net profits of the defendant for three years, ending in May 1853.

At the trial in the superior court, before *Brigham,* J., the defendant admitted that during the three years he had at one time realized profits to the amount of one thousand dollars, and introduced evidence to show that he lost the whole of the same in the following manner: He arrived in California in May 1850, and, having first met with misfortunes, purchased an interest in a mill in the early part of 1852, for which he paid in full by the early part of 1853. In February 1853 he sold his interest to Daniel W. Chichester, who was then reputed to be good, for one thousand dollars, and took his note for the amount " on less than one year." In the spring of 1854 Chichester had become

somewhat embarrassed, and the defendant took in payment of the note two bonds, of five hundred dollars each, of the South Fork Canal Company, payable in four months thereafter. The defendant testified that at the time of receiving these bonds he supposed them to be worth par, and Chichester testified that they were then worth that amount; but they afterwards became worthless, and the defendant realized nothing upon them.

Upon this evidence the judge directed a verdict for the plaintiff for $333.33, with interest from the time when a demand was proved, which was rendered accordingly; and the defendant alleged exceptions.

*C. I. Reed*, for the defendant.

*J. C. Stone*, for the plaintiff.

BIGELOW, C. J. Upon a fair interpretation of the contract between the parties, we think the court erred in ruling as a matter of law that there was anything due to the plaintiff when this action was brought. A very wide discretion was vested in the defendant during the continuance of the agency or copartnership contemplated by the parties. He was not obliged to confine himself to any particular trade or business, nor to conduct it in any special or prescribed manner. Nor did the defendant guarantee that there should be any profits as the result of his transactions in California. He had a right to continue the business of the agency during the full term of three years. As incident to this right to carry on business during the term according to his discretion, the defendant had power to contract debts, and to give credit to persons for the price of property sold by him for the purpose of closing the joint dealings of the parties under the contract. Indeed it could hardly be expected that transactions embracing a period of three years could be finished and finally closed and the profits be rendered certain and reduced to cash immediately after the expiration of the agency. The defendant, therefore, did not exceed his authority in selling the property which he had acquired in California on credit, or in taking a note as the consideration of the sale. Nor was it beyond the purview of the contract, if circumstances rendered it necessary or expedient, to take in payment of such note shares

in an incorporated or joint stock company which were of value sufficient, if converted into money, to pay the amount due on the note. We do not mean to say that the defendant had a right after the expiration of the three years to trade with the profits which he had acquired, or to enter into new enterprises and speculations by which the money or property in his possession under the contract would be put at hazard; but he was clearly entitled to a reasonable time to finish the business of the agency, and by the use of proper means to convert the profits which he had earned into cash. If, before the expiration of such reasonable time, and while acting in good faith in his efforts to obtain the money for that which he had received in exchange for the property acquired by him under the contract, he met with losses by reason of which, without fault or neglect on his part, the net profits were all lost, and nothing was realized by him as the fruits of the enterprise, he cannot be held liable in this action. The case should have been submitted to the jury with instructions which in substance would have em bodied this view of the relative rights and duties of the parties

*Verdict set aside*